IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-138-BR

| | | |
|---|---|---|
| KEITH EDWARD FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFFREY BAXTER, CHARLES FARRAR, | ) | |
| JESSE DICKINSON, JERRY SEIGHMAN, | ) | |
| ISAAC BARRETT, CITY OF | ) | |
| WASHINGTON, CITY OF GREENVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

This case, brought pro se by plaintiff Keith Edward Frazier ("plaintiff"), comes before the court on six motions: (1) a motion (D.E. 47) by defendants City of Greenville ("Greenville"), Jeffrey Baxter ("Baxter"), and Charles Farrar ("Farrar") (collectively "Greenville defendants") to continue the Fed. R. Civ. P. 26(f) conference previously ordered to be held (*see* D.E. 42); (2) a motion (D.E. 48) by defendants City of Washington ("Washington"), Jesse Dickinson ("Dickinson"), Jerry Seighman ("Seighman"), and Isaac Barrett ("Barrett") (collectively "Washington defendants") to stay discovery pending resolution of their dismissal motion (D.E. 39); (3) a motion (D.E. 51) by plaintiff for extension of the time to respond to the dismissal motion by the Washington defendants as well as the dismissal motion by the Greenville defendants (D.E. 21); (4) a motion by plaintiff (D.E. 57) for copies of any orders issued and extensions of any deadlines set while plaintiff was being transferred to another facility; (5) a motion (D.E. 65) by plaintiff for a trial date; and (6) a motion (D.E. 66) by plaintiff for the issuance of subpoenas. The motions have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public D.E.'s dated 14 July 2014, 8 Aug. 2014, and 4

Dec. 2014). For the reasons set forth below, plaintiff's motion for a trial date and issuance of subpoenas will be denied as premature and the remaining motions will be denied as moot.

BACKGROUND

In his complaint (D.E. 5), plaintiff alleges that Seighman (*see id.* 3, 6-7, 8),[1] Barrett (*see id.* at 4, 7, 8-9), and Dickinson (*see id.* at 3, 6) are current or former officers employed by the Police Department of Washington (*see id.* at 4, 8); and that Baxter (*see id.* at 1, 5) and Farrar (*see id.* at 2, 6, 9) are current or former officers employed by the Police Department of Greenville (*see id.* at 4, 8). Plaintiff alleged five incidents in which various defendants purportedly violated his constitutional rights: (1) on 21 February 2011, a traffic stop by Seighman whose sole purpose was to identify plaintiff and his passengers (*see id.* at 3, 6-7, 8); (2) on 3 March 2011, a second traffic stop by Seighman whose sole purpose again was to identify plaintiff and his passengers (*see id.* at 3, 6-7); (3) on 31 March 2011, a third traffic stop by Seighman, this time accompanied by Barrett, purportedly resulting in plaintiff's arrest on baseless charges that were subsequently dismissed, the search of plaintiff's vehicle, and the seizure from him of $292.86 in cash and a cellular telephone, which have purportedly not been returned to him (*see id.* at 3, 4, 6-7, 8); (4) on 4 April 2011, the execution of a purportedly invalid search warrant for data on plaintiff's cellular telephone involving Farrar, Barrett, and Baxter (*see id.* at 2, 4, 5-6, 8-9); and (5) on 7 April 2011, the unlawful arrest of plaintiff by Baxter in Washington and his transportation by Baxter and Dickinson to Greenville for determination of his bond (*see id.* at 1-2, 3, 6, 7, 9). Plaintiff alleges that in all of these incidents the defendants involved violated his rights to equal protection of law and due process under the Fourteenth Amendment and that in all but the 7 April 2011 incident the defendants involved also violated his right against unreasonable search and seizure under the Fourth Amendment. (*See id.* at 5).

---

[1] Citation to the complaint is to the page numbers assigned by the court's CM/ECF electronic filing system.

In its 15 September 2014 Order (D.E. 61 at 9) on the Greenville defendants and Washington defendants' motions to dismiss and plaintiff's motion for summary judgment (D.E. 34), the court dismissed all of the claims in plaintiff's complaint with the exception of plaintiff's Fourth Amendment claims against Seighman based on the 21 February 2011 and 3 March 2011 stops.

**ANALYSIS**

The 15 September 2014 Order moots four of the pending motions: the motion (D.E. 47) by the Greenville defendants to continue the Fed. R. Civ. P. 26(f) conference is moot because the Greenville defendants are no longer in the case; the motion (D.E. 48) by the Washington defendants to stay discovery is moot because the Washington defendants' dismissal motion has been resolved; plaintiff's motion (D.E. 51) for extension of the time to respond to the motions to dismiss is moot because his response (D.E. 52) and sur-reply (D.E. 59) to those motions were considered by the court (*see* 15 September 2014 Order at 2); and plaintiff's motion (D.E. 57) for copies of any orders issued and extensions of any deadlines set while plaintiff was being transferred to another facility is moot because it has not been shown that any orders were issued or deadlines set until after plaintiff filed his notice of change of address (D.E. 60).

Plaintiff's two remaining motions, for a trial date (D.E. 65) and for issuance of subpoenas (D.E. 66), are premature because a scheduling order has not yet been entered in this case. The court agrees that entry of a scheduling order to establish a discovery schedule for the remaining claims in this case is appropriate at this time and provides for preparation of such an order below.

## CONCLUSION

For the foregoing reasons set forth above, IT IS ORDERED as follows:

1. The motions to continue the Fed. R. Civ. P. 26(f) conference (D.E. 47), to stay discovery (D.E. 48), for extension of time to respond to the motions to dismiss (D.E. 51), and for copies of orders and of extensions of any deadlines (D.E. 57) are DENIED AS MOOT.

2. The motions for a trial date (D.E. 65) and for the issuance of subpoenas (D.E. 66) are DENIED AS PREMATURE.

3. The parties shall confer no later than 20 March 2015 in a good faith attempt to reach agreement on a proposed discovery plan for the remainder of this case, pursuant to Fed. R. Civ. P. 26(f). If the parties are able to reach agreement, the remaining defendant, Seighman, shall file the joint proposed discovery plan by 31 March 2015. If the parties are not able to reach agreement, each shall file his own proposed discovery plan by that same date.

SO ORDERED, this the 10th day of March 2015.

_____
James E. Gates
United States Magistrate Judge

4
Case 5:13-cv-00138-BR   Document 75   Filed 03/10/15   Page 4 of 4